38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 W.J. GRAY, Jr., Petitioner-Appellant,
v.
STATE of Tennessee, et al., Respondents-Appellees.
 No. 94-5346.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 1
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 W.J. Gray, Jr., proceeding pro se, appeals a district court order which dismissed his complaint brought pursuant to 42 U.S.C. Sec. 1983 and a habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In Gray's Sec. 1983 complaint and Sec. 2241 habeas petition, it is difficult to determine what issues he is raising. It appears from his complaint that Gray was arrested, tried and acquitted of armed robbery in Tennessee. Seeking monetary relief, Gray sued the State of Tennessee, the City of Jackson, Tennessee, Madison County Tennessee, local federal officials and local state officials. No specific individual defendants were named, and he did not state the capacity in which he was suing any defendant. Gray alleged that he was indicted for armed robbery but was not given a preliminary hearing. Gray complained about a female witness who testified at his trial, that he was incarcerated in maximum security pending his trial, that the state had no evidence against him, and that he was a victim of "discriminatory prosecution."
 
 
 4
 The district court summarily dismissed Gray's complaint pursuant to 28 U.S.C. Sec. 1915(d), indicating that his complaint lacked an arguable basis in either law or fact.
 
 
 5
 On appeal, Gray only argues that he was denied his right to a preliminary hearing. He requests the appointment of counsel. Gray has also filed a "motion for ex parte on writ of habeas corpus."
 
 
 6
 Initially, it is noted that the only claim Gray raises on appeal is that he was denied his right to a preliminary hearing on an armed robbery charge. Claims which were raised in the district court yet not raised on appeal are considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Therefore, even if Gray's Sec. 1983 complaint and Sec. 2241 habeas petition can be construed as having raised multiple claims, the only claim properly before this court for review on appeal is his claim that he was denied his right to a preliminary hearing.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Gray's Sec. 1983 complaint and Sec. 2241 habeas petition pursuant to 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Gray's Sec. 1983 complaint and Sec. 2241 habeas petition fail to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 8
 With regard to his claim that he was denied his right to a preliminary hearing, the only issue properly preserved on appeal, Gray had no right to a preliminary hearing because a grand jury indictment was returned. See United States v. Woods, 544 F.2d 242, 249 (6th Cir.1976), cert. denied, 429 U.S. 1062, 430 U.S. 969 and 431 U.S. 954 (1977).
 
 
 9
 Accordingly, we deny Gray's request for the appointment of counsel, his motion for ex parte relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation